# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1999 SESSION

FILED

October 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9902-CR-00054 |
| Appellee, | ) | |
| | ) | SUMNER COUNTY NO. 968-1998 |
| VS. | ) | |
| | ) | HON. JANE WHEATCRAFT, |
| BRUCE HOLDER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

**FOR THE APPELLANT:**

**DAVID ALLEN DOYLE**
District Public Defender

**REGAN R. COTHRON**
Assistant District Public Defender
117 East Main Street
Gallatin, TN 37066-2801

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**LUCIAN D. GEISE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**LAWRENCE RAY WHITLEY**
District Attorney General

**DEE GAY**
Assistant District Attorney General
113 West Main Street, 3rd Floor
Gallatin, TN 37066-2803

**OPINION FILED:** _____

**AFFIRMED - RULE 20 ORDER**

**JOE G. RILEY, JUDGE**

# O R D E R

Defendant, Bruce Holder, appeals the revocation of his probation by the Sumner County Criminal Court. We **AFFIRM** the judgment of the trial court.

On August 22, 1996, defendant pled guilty, pursuant to a plea agreement, to selling cocaine over 0.5 grams and received a sentence of eight years suspended after serving four months in jail. Subsequently, he violated the conditions of his alternative sentence three times. On the latter occasion in March 1998, defendant was ordered to serve six months in jail followed by participation in the community corrections program.

In December 1998, the subject violation warrant was issued. At the revocation hearing the evidence indicated that the defendant missed office visits on three occasions; tested positive for cocaine on December 9, 1998, which he admitted; tested positive for cocaine and marijuana on December 16, 1998, which he admitted; failed to pay his fine and court costs; and did not complete his community service requirements.

Based upon this evidence, the trial court revoked alternative sentencing and ordered the defendant to serve his original sentence of eight years. The record overwhelmingly supports the conclusion of the trial court that violations occurred. Furthermore, it is apparent that the trial court did not abuse its discretion in revoking alternative sentencing and ordering the defendant to serve his original sentence.

IT IS, THEREFORE, ORDERED that the judgment of the trial court be **AFFIRMED** pursuant to Rule 20, Tennessee Court of Criminal Appeals. It further appearing that the appellant is indigent, costs shall be taxed to the state.

So ordered. Enter:

2

_____
 JOE G. RILEY, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE

3